

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. H.F. Hellmuth
Assistant County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-1189
Re: Opinion No. O-693 (Conference Opinion No.
3058). Fees to which a constable is en-
titled in a speeding case where arrest is
performed by a Highway Patrolman.

This department is in receipt of your letter of
July 25, 1939, wherein you request the opinion of this
department upon four questions, relative to fees to which
a constable is entitled in a speeding case where the ar-
rest is performed by a Highway Patrolman. We quote from
your letter as follows:

"With reference to the above opinion (No.
O-693) rendered Homer Garrison, Jr., Director
of the Department of Public Safety, June 8, 1939,
I wish to refer to Article 6 in your opinion
which reads as follows:

'A charge of one dollar for release is
a proper charge to be taxed as costs against
the defendant when a plea of guilty is enter-
ed and a fine paid immediately after the de-
fendant is notified of the amount and no
commitment is made, and the officer who dis-
charges or releases a defendant from the
force and effect of a judgment restraining
him is entitled to a fee of $1.00 for a re-
lease.'

"For example, we quote you the following four
cases:

"CASE NO.I. A Highway Patrolman arrests a

Hon. H.F. Hellmuth, Page 2

motorist on the highway for speeding and accompanies him to the Justice Court where he is turned over to the constable. The defendant pleads guilty and pays a fine.

"CASE NO. 2. The same motorist is not accompanied to the Justice Court but is given a ticket to appear in court within three days. Not being able to get back to court, the motorist writes the Justice of Peace the amount of his fine which the Justice of Peace advises him.

"CASE NO. 3. The same motorist is arrested for speeding and is given a card by the Highway Patrolman, comes to the court on his own accord not accompanied by either the constable or the Highway Patrolman, pleads guilty to a case of speeding and pays a fine.

"CASE NO. 4. The same motorist is arrested for speeding and is accompanied to the Justice Court by the Highway Patrolman where the proper charges are filed and the defendant pleads guilty and pays a fine.

"The question is, is the constable entitled to a fee of $1.00 for a release in each of these four cases, or is he entitled to a fee of $1.00 for a release in Case No. 1, where the constable has charge of the prisoner?"

Article 1011 of the Code of Criminal Procedure of Texas, provides that no item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law.

This department has repeatedly ruled that constables, and other peace officers, are only entitled to collect fees for services actually performed. See opinions Nos: O-106 and O-768 of this department.

Conference opinion No. 3058 of this department holds that an officer who discharges or releases a de-

Hon. H.F. Hellmuth, Page 3

fendant from the force and effect of a judgment restraining him is entitled to a fee of $1.00 for a release. We enclose, herewith, a copy of conference opinion No. 3058.

With reference to Case No. 1, it would be a question of fact as to whether or not the defendant was in the custody of the Highway Patrolman or the constable at the time the defendant pleaded guilty and paid his fine. If the facts show that the defendant was in the actual and legal custody of the constable at the time the defendant pleaded guilty and paid his fine, then the constable would be entitled to a $1.00 release fee, if not, the constable would not be legally entitled to a release fee.

With reference to Case No. 2, you are respectfully advised that it is the opinion of this department that if the motorist writes the Justice of the Peace for the amount of his fine and the Justice of the Peace advises him and the defendant pays his fine and enters his plea of guilty, which is accepted, then, in that event, the constable would not be entitled to any release fee because the constable, not having the defendant in his custody, could not and did not release the defendant from the force and effect of a judgment restraining him.

With reference to Case No. 3, you are respectfully advised that it is the opinion of this department that the constable would not be entitled to a release fee in this instance.

With reference to Case No. 4, you are respectfully advised that it is the opinion of this department that the constable would not be entitled to a release fee in this instance.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

WmJF:ob

Encl.

APPROVED
OPINION
COMMITTEE
BY _RWJ_
CHAIRMAN

APPROVED AUG 3, 1939

ATTORNEY GENERAL OF TEXAS